IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GALLAND KHARASCH GREENBERG FELLMAN & SWIRSKY, PC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| UNITED STATES DEPARTMENT OF TRANSPORTATION; and UNITED STATES MARITIME ADMINISTRATION, | ) ) ) ) ) ) |
| Defendants. | ) |

Civil Action No. _____

COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Galland Kharasch Greenberg Fellman & Swirsky, PC ("GKGFS") hereby alleges for its Complaint as follows:

PRELIMINARY STATEMENT

1.    This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other applicable relief, including the immediate processing and release of agency records requested by Plaintiff GKGFS from Defendant United States Maritime Administration ("MARAD"), a component of the United States Department of Transportation ("DOT").

JURISDICTION AND VENUE

2.    The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B).

PARTIES

3.    Plaintiff GKGFS is a law firm having its principal place of business at 1054 Thirty-

First Street, NW, Washington, DC, 20007.

4.  Defendant DOT is a department of the Executive Branch of the United States Government. DOT is an agency within the meaning of 5 U.S.C. § 552(f)(1).

5.  Defendant MARAD is a department or establishment of the Executive Branch of the United States Government and is a component of DOT. MARAD is an agency within the meaning of 5 U.S.C. § 551(f)(1).

## GKGFS'S FOIA REQUEST

6.  On June 1, 2006, Plaintiff Government of the Territory of Guam ("Guam") submitted an FOIA request to MARAD seeking the release of documents relating to a report prepared and published by MARAD entitled "Competition in Noncontiguous Domestic Maritime Trades, May 2006." In particular, Plaintiff GKGFS requested that MARAD provide the following documents:

(1) A copy of the study entitled, "Competitiveness in the United States Domestic Noncontiguous Liner Shipping Markets, June 2004," prepared by Reeve & Associates, which information appears to have been used by MARAD in the preparation of its report entitled, "Competition in Noncontiguous Domestic Maritime Trades, May 2006."

(2) All documents used or otherwise relied upon by MARAD in preparing its report entitled, "Competition in the Noncontiguous Domestic Maritime Trades, May 2006," including, but not limited to, any domestic trade data provided to MARAD by the U.S. Army Corps of Engineers.

(3) All documents relating to any communication between MARAD and an organization called the Maritime Cabotage Task Force.

(4) All documents relating to any contracts, grants, requests for proposals or requests for quotations issued by MARAD to Reeve & Associates or the Maritime Cabotage Task Force.

(5) All documents relating to MARAD's decision to study the state of competition in the noncontiguous domestic maritime trades subsequent to the release of its report in March 1997 entitled, "Competition in the

          Noncontiguous Domestic Maritime Trades."

(6)     All documents underlying the Tables and Figures in the report entitled, "Competition in the Noncontiguous Domestic Maritime Trades, May 2006."

(7)     All documents relating to communications between MARAD and Matson Navigation Company, Inc. or Horizon Lines LLC relating to the preparation of the May 2006 report entitled, "Competition in the Noncontiguous Domestic Trade."

7.     MARAD acknowledged GKGFS's FOIA request by letter dated June 6, 2006. In addition, MARAD contacted GKGFS by email on June 6, 2006, and suggested that GKGFS narrow its requests. By reply email on June 6, 2006, GKGFS agreed to narrow its requests.

8.     On December 8, 2006, GKGFS emailed MARAD to inquire about the status of MARAD's response to the June 1, 2006 FOIA request. As of that date, MARAD had neither released any of the requested documents nor advised GKGFS that MARAD had determined to deny the June 1, 2006 FOIA request.

9.     MARAD did not respond to GKGFS's December 8, 2006 email regarding the status of MARAD's response to the June 1, 2006 FOIA request. Accordingly, GKGFS again contacted MARAD by email on January 24, 2007, to inquire about the status of MARAD's response to the June 1, 2006 FOIA request.

10.     On January 25, 3007, MARAD responded by email to GKGFS's inquiry about the status of MARAD's response to the June 1, 2006 FOIA request, promising to check the status and get back to GKGFS about its June 1, 2006 FOIA request.

11.     However, MARAD did not get back to GKGFS about the status of the June 1, 2006 FOIA request as promised. As a result, GKGFS again contacted MARAD by email on February 7, 2007, pointing out that its FOIA request had been outstanding for more than eight months, and

asking for the status of MARAD's response.

12. As of the date of this Complaint, MARAD has not released any of the documents requested in the June 1, 2006 FOIA request, nor has MARAD communicated any determination to release or deny release of the requested documents. Accordingly, MARAD has failed to provide a substantive response to GKGFS's FOIA request within the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i).

13. Plaintiff GKGFS has exhausted its administrative remedies with respect to its June 1, 2006 FOIA request.

14. Defendants have wrongfully withheld the documents requested by Plaintiff GKGFS in its June 1, 2006 FOIA request.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FREEDOM OF INFORMATION ACT

15. Plaintiff GKGFS hereby incorporates by reference paragraphs 1 through 14 as though fully set forth hereat.

16. Defendants' failure to promptly make available the records requested by GKGFS in its June 1, 2006 FOIA request violates the Freedom of Information Act, 5 U.S.C. § 552(a)(3)(A), and applicable DOT regulations.

### COUNT II
### VIOLATION OF THE FREEDOM OF INFORMATION ACT

17. Plaintiff GKGFS hereby incorporates by reference paragraphs 1 through 16 as though fully set forth hereat.

18. Defendants' failure to respond to GKGFS's June 1, 2006 FOIA request violates the

Freedom of Information Act, 5 U.S.C. § 552(a)(6)(A)(i), and applicable DOT regulations.

WHEREFORE, Plaintiff GKGFS prays that this Court:

A.   order Defendants to immediately search for, process and release the records requested in Plaintiff GKGFS's June 1, 2006 FOIA request;

B.   award Plaintiff GKGFS its costs and reasonable attorney fees incurred in this action; and

C.   grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*[signature]*

David K. Monroe, DC Bar No. 358763
GALLAND KHARASCH GREENBERG
FELLMAN & SWIRSKY, PC
1054 Thirty-First Street, NW
Washington, DC 20007
Telephone:   202/342-5200
Facsimile:   202/342-5219
Email:       dmonroe@gkglaw.com

DATE:   February 20, 2007

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
GALLAND KHARASCH GREENBERG FELIMAN & SWIRSKY, PC

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
U.S. DEPARTMENT OF TRANSPORTATION; and U.S. MARITIME ADMINISTRATION

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
GALLAND KHARASCH GREENBERG, et al.
1054 THIRTY-FIRST STREET, NW
WASHINGTON, DC  20007   202/342-5200

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255* <br> ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination* <br> ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br> *(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT* <br> ☒ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ J. *Student Loan* <br> ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)* <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)* <br> ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract* <br> ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ☐ N. *Three-Judge Court* <br> ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 U.S.C. 552 -- Action for release of records under FOIA.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $   Check YES only if demanded in complaint  JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES  ☒ NO  If yes, please complete related case form.

DATE 02/20/2007   SIGNATURE OF ATTORNEY OF RECORD  DAVID K. MONROE  /s/ D.K. Monroe

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.